### BROWN et v SMITH c.

Ohio Appeals, 4th Dist, Lawrence Co

Decided April 2, 1932

Andrews, Edwards and Andrews, Ironton, for plaintiffs.

A. R. Johnson, Ironton, for defendant.

MIDDLETON, J.

The case is before this court on a transcript of the evidence adduced in the hearing of the matter in the Court of Common Pleas. The evidence is conflicting not only in a general way but on the operative facts of the case, and is so directly conflicting that the court is compelled to conclude that one side or the other is not testifying to the actual facts. This condition of the evidence makes it impossible for the court to find affirmatively in favor of either party on the particular facts which they claim in support of their rights. The evidence is not sufficient to show clearly an oral agreement between Smith and Farra whereby the line that Mrs. Smith now claims was established as the true dividing line. Moreover, her contention lacks an important factor which must be shown to entitle her to an enforcement of any rights under an oral agreement. While the courts will enforce an oral agreement between adjoining land owners by which they establish a dividing line there must be some consideration to support said agreement. That consideration, the courts say, should be the settlement of a dispute between them as to the dividing line or the particular facts of the case must be such that the true dividing line is incapable of ascertainment. In the instant case there are no such conditions as are required to support an oral contract to fix this dividing line. There

was no dispute between Smith and Farra about the line nor was it a line that was incapable of ascertainment, and so we find nothing in the evidence which would support the kind of an oral agreement that the defendant is asking to enforce against the plaintiffs. On the other hand, the plaintiffs have not convinced this court that the fence which was built on the line established by Smith and Farra was intended merely as a temporary affair. The evidence shows that this fence was a very substantial and permanent fence, and we are therefore unable to adopt the contention of the plaintiffs that there never was any sort of a permanent agreement on this dividing line by Smith and Farra.

The law of this case, under the facts as we conclude them to be, is well and clearly stated by Judge Bradbury in the case of **Hills v Ludwig et, 46 Oh St 373.** On page 380 of the opinion in that case the judge says:

"It is not essential that the disputed boundary line be incapable of ascertainment; but if it has become the subject of dispute and contention, and the parties with a view to settle the dispute, agree upon and adjust a line between their land, it is a finality and can not be disturbed— though they afterwards learn that the true line could have been found.

This view is entirely consistent with the principle that where adjoining proprietors, in attempting to find the true line between them, by mistake fix upon an incorrect one, they may repudiate the spurious line on discovering the mistake, and occupy to the true line any time before the statute of limitations has run."

The concluding observation of Judge Bradbury in the above case states the rule of law which we must follow in the instant case.

We are persuaded that Smith and Farra attempted to fix the true line between their respective interests in the three acre tract. By mistake of measurement this line was not correctly located. Nothing has occurred since that time by the action of either party or their successors which would work any estoppel against any one from repudiating what is manifestly an unfair division of this three acre tract, one not contemplated either by Smith or Farra and one which gives to the defendant nearly two and one half acres out of a tract which Smith and Farra at the time they made this division supposed to contain three acres that they were dividing equally between them. We are clearly of the opinion that the plaintiffs are entitled to have the line establish-

ed by their survey, which is in no way disputed and which shows that they are entitled to an injunction against the defendant restraining her from interfering in any way with the construction of a fence along the line as so located. We know, however, of no right under which we can compel the defendant to pay the cost of the survey. It is manifest that it was not taken under statutory provisions and we know of no rule whereby the defendant may be held responsible for any of its costs.

A decree may be entered for the injunction as prayed for in the petition.

Decree for plaintiffs.

MAUCK, PJ, and BLOSSER, J, concur.